IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| **Plaintiff-Appellee** | ) ) ) |
| v. | ) No. 24-2333 |
| JUAN REYES AND CATHERINE REYES, | ) ) ) |
| **Defendants-Appellants** | ) ) |

### RESPONSE TO MOTION TO REQUEST RECALENDARING OF ORAL ARGUMENT

The United States files this response to the motion filed by the appellants to request recalendaring of oral argument. The United States opposes the request. This case has already been submitted on the briefs and is ripe for a decision.

Under Local Rule 34.1(b), the Court has the discretion to not hear oral argument in accordance with Fed. R. App. P. 34(a)(2). In addition, Local Rule 34.1 provides that, once a case has been set for oral argument, it may be postponed only on "a showing of extraordinary circumstances." L.R. 34.1(e). Finally, Fed. R. App. P. 34(b) provides that a "motion to postpone the argument or to allow longer argument must be filed reasonably in advance of the hearing date."

Here, appellants fired their attorneys two business days before the calendared oral argument and used the firing as the basis for an emergency motion to postpone the oral argument. (*See* Motion, DktEntry 53.1.) Deferring to the Court's discretion, the government took no position on the matter, and the Court then granted the motion. (Order, DktEntry 56.1.) But a few days later, the Court decided (Order, DktEntry 57.1) that the case would be submitted on the briefs, without oral argument, and it was so submitted on September 8, 2025. Now, appellants have rehired the same attorneys and request that the case be reset for oral argument.

The Court should not endorse this course of conduct. It has already determined that oral argument is unnecessary, and the case has been submitted to the panel. Allowing the case to be recalendared now would reward appellants' dubious behavior, undermine this Court's prior orders, and nullify the requirements of extraordinary circumstances and advance notice to obtain a postponement.

In addition, while this case does present an important legal question regarding the standard for willfulness in an FBAR case, that question has already been substantially aired in the briefs here and in

-3-

the six other appeals courts that have unanimously answered it in the government's favor. *See* Brief for Appellee at 26-27. Although the government would welcome oral argument if the panel were to decide it would be helpful, we agree with the determination implicit in the Court's prior order that oral argument is not necessary to fully understand the arguments on either side.

    Respectfully submitted,

    /s/ Robert J. Wille

    ROBERT J. WILLE
      *Attorney*
      *Tax Division*
      *Department of Justice*
      *Post Office Box 502*
      *Washington, D.C. 20044*
      *Robert.J.Wille@usdoj.gov*
      *(202) 514-5573 (office landline)*
      *(202) 598-5924 (mobile)*

Dated: September 26, 2025

## Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**1.** This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) and 32(c)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 27(d)(2) and 32(f):

__X__ this document contains 378 words, or

____ this brief uses a monospaced typeface and contains [*state the number of*] lines of text.).

**2.** This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

__X__ this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook, or

____ this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type*].


/s/ Robert J. Wille
ROBERT J. WILLE
Attorney for Commissioner
Dated: September 26, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Second Circuit using the CM/ECF system, which will serve those parties registered for ECF service.

/s/ Robert J. Wille
ROBERT J. WILLE
*Attorney*